IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH E. WEBSTER, <br> TDCJ #1266729, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN SMALLWOOD, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-11-2216 |

## MEMORANDUM AND ORDER

The plaintiff, Joseph E. Webster (TDCJ #1266729, former Louisiana #178074), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Webster has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.    BACKGROUND

Webster is currently incarcerated at the Ferguson Unit in Midway, Texas. Webster sues Correctional Officer Jonathon Smallwood and Lieutenant Charles McElhaney. Webster complains that Officer Smallwood intentionally damaged or destroyed some of his personal property during a "shakedown" of his cell. Webster complained to Lieutenant McElhaney, who reportedly took photographs of the broken items. When Webster filed a grievance about the damaged property, however, administrative officials found that there was insufficient evidence to sustain Webster's allegation that Officer Smallwood intentionally caused the damage.

Webster complains that his property was taken or destroyed on purpose in violation of his rights under the Eighth and Fourteenth Amendment to the United States Constitution. Webster seeks compensatory damages or replacement of his damaged personal property. The Court concludes, however, that the complaint must be dismissed under the governing standard of review.

II.     **STANDARD OF REVIEW**

Webster, who has not paid the filing fee, proceeds *in forma pauperis*. Because he is incarcerated, his complaint is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555)

(observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III.   DISCUSSION

Webster's primary complaint is that Officer Smallwood intentionally damaged or destroyed items of his personal property for malicious reasons. The United States Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *see also Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1981); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Because Texas provides an adequate post-deprivation remedy, the plaintiff's claim that his property was wrongfully destroyed has no basis in federal law . *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Accordingly, the plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. *See id.*; *see also Nelson v. Director, Texas Dep't of Crim. Justice*, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (unpublished) (holding that the both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for

loss of personal property were "frivolous"). It follows that the complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983 for purposes of 28 U.S.C. § 1915(e)(2)(B).

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Joseph Webster (TDCJ #1266729) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, Federal Express, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 21st day of June, 2011.

Kenneth M. Hoyt
United States District Judge